Case 4:24-cv-01004   Document 48   Filed 05/29/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACI BARBER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01004 |
| | § | |
| KATY INDEPENDENT SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are Defendants Katy Independent School District ("KISD") and Bryan Scott Rounds' ("Rounds") (collectively, "Defendants") Motion to Certify Order for Interlocutory Appeal (the "Motion to Certify") (Doc. #37), Plaintiff Staci Barber's ("Plaintiff") Response (Doc. #42), and Defendants' Reply (Doc. #45); and (2) Defendants' Motion to Stay Proceedings (Doc. #38), Plaintiff's Response (Doc. #43), and Defendants' Reply (Doc. #44). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion to Certify and grants the Motion to Stay Proceedings.

**I.   Background**

The Court outlined the factual background of this case in detail in its March 26, 2025 Order resolving Defendants' Motion to Dismiss. Doc. #34. To summarize, Plaintiff is a teacher at a KISD high school, and she regularly engages in prayer and expressions of her Christian faith. Rounds is the principal of the high school where Plaintiff teaches. *Id.* at 1–2.

In September 2023, Plaintiff planned to participate in "See You at the Pole" ("SYATP"), an annual event wherein students and others across the country gather at school flagpoles to engage

in prayer. *Id.* at 2. However, Rounds told Plaintiff that "Board Policy prohibits staff members from leading students in prayer or praying with or in the presence of students." *Id.* Rounds also directed Plaintiff to the then-current version of the KISD Employee Handbook, which contained a provision titled "Religion in the Schools" that stated: "Employees may not pray with or in the presence of students." *Id.* Based on the KISD Employee Handbook, Rounds told Plaintiff she could not participate in SYATP at the same time students were there.

Despite Rounds' directive, Plaintiff and a few other teachers gathered at the school flagpole for SYATP before the school day began on September 27, 2023. Rounds called the teacher group into a conference room and again told them that they could not participate in SYATP or pray in the presence of other students, though they were free to do so privately. *Id.* at 3. Subsequently, Plaintiff's counsel sent a letter to Rounds demanding that Plaintiff not be punished for her religious activity outside contracted work hours. *Id.* On January 17, 2024, KISD amended the language regarding "Religion in the Schools" in its Employee Handbook and deleted the sentence stating that "Employees may not pray with or in the presence of students." *Id.* However, Plaintiff alleges she has ceased engaging in religious activity at school out of fear of disciplinary action. *Id.* at 4.

Plaintiff filed her Complaint against Defendants on March 19, 2024, alleging violations of the First Amendment Free Speech Clause and Free Exercise Clause, as well as violations of the Fourteenth Amendment Due Process Clause and Equal Protection Clause, pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Id.* Plaintiff also asserts free speech and free exercise claims under the Texas Constitution, and claims her rights were violated under the Texas Religious Freedom Restoration Act ("TRFRA"). *Id.* Defendants moved to dismiss all claims in the Complaint under Federal Rule of Civil Procedure 12(b)(6). *Id.* Rounds also asserted qualified immunity. *Id.*

On March 26, 2025, the Court entered an Order resolving the Motion to Dismiss. Doc.

#34. Specifically, the Court denied the Motion to Dismiss as it pertains to Plaintiff's Section 1983 claims against Rounds and rejected his qualified immunity defense. *Id.* at 7–9. The Court also found that Plaintiff had sufficiently alleged her municipal liability claims against KISD under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). *Id.* at 9–11. In so doing, the Court found that Plaintiff sufficiently alleged that the language regarding "Religion in the Schools" in the KISD Employee Handbook served as an official policy promulgated by the KISD Board of Trustees (the "Board"). *Id.* In addition, the Court found Plaintiff sufficiently alleged her Fourteenth Amendment Equal Protection Clause, Texas Constitution, and TRFRA claims. Finally, the Court granted the Motion to Dismiss as to Plaintiff's Fourteenth Amendment vagueness claims. *Id.* at 15.

On April 8, 2025, Rounds appealed the Court's March 26 Order on the issue of qualified immunity. Doc. #36. The same day, Defendants filed the Motion to Certify, asking that the Court certify the Section 1983 *Monell* issues for appeal, such that they can be resolved alongside the qualified immunity issues raised in Rounds' appeal. Doc. #37. Defendants have also moved to stay this case pending resolution of Rounds' appeal. Doc. #38. The Court will address the Motion to Certify and the Motion to Stay Proceedings in turn.

## II. Motion to Certify Order for Interlocutory Appeal

First, Defendants have asked the Court to certify its March 26 Order for interlocutory appeal as it relates to resolution of the Section 1983 *Monell* issues. Doc. #37. In general, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (citation omitted). However, under 28 U.S.C. § 1292(b) ("Section 1292(b)"), a district court is permitted to certify an order for interlocutory appeal

3

when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A controlling question of law, in this context, is "a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the court and the litigants." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). But "a 'question of law' does *not* mean the application of settled law to disputed facts. Thus, resolving the issue presented should not require the appeals court to go 'hunting through the record' to see whether 'a genuine issue of material fact may be lurking there.'" *Id.* at 722 (quoting *Ahrenholz v. Bd. of Trustees of the Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)).

In addition, "Section 1292(b) appeals are exceptional." *Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "The decision to certify is 'within the considered discretion of the trial judge . . . .'" *Havel v. Dentsu Mcgarry Bowen UK Ltd.*, No. CV H-13-1291, 2014 WL 12599406, at *3 (S.D. Tex. Dec. 24, 2014) (quoting *Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876, 881 n.5 (5th Cir. 1987)).

Here, Defendants argue that the March 26 Order involves a controlling question of law: "whether an employee handbook constitutes Board policy for purposes of municipal liability." Doc. #37 at 3. More specifically, Defendants argue that it is a controlling question of law whether the Employee Handbook Plaintiff alleges violated her constitutional rights in this case can serve as the basis of her municipal liability claims. But this is not a question suitable for interlocutory appeal, as it involves reviewing the *factual* allegations in Plaintiff's Complaint to determine whether she sufficiently alleged an official policy or custom. In other words, Plaintiffs have presented a question that involves "the application of settled law to disputed facts," which is

4

insufficient under Section 1292(b). Thus, the Court finds Defendants have not met their burden of establishing that the March 27 Order presents an exceptional issue suitable for interlocutory appeal. As such, the Motion to Certify is denied.

### III.     Motion to Stay Proceedings

Next, Defendants have moved to stay these proceedings pending resolution of Rounds' appeal, which concerns this Court's denial of qualified immunity. Doc. #38. "Once a notice of appeal is filed from a district court's order denying a motion to dismiss based on qualified immunity, the district court loses jurisdiction with respect to any matters involved in the appeal." *Davis v. Matagorda Cnty.*, No. 3:18-CV-00188, 2019 WL 1924532, at *1 (S.D. Tex. Apr. 30, 2019) (citing *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007)). However, "the district court may still proceed with matters not involved in the appeal." *Dusek*, 492 F.3d at 564–65. It is within the district court's "discretion to permit discovery to continue on claims separate and apart from those at issue in the interlocutory appeal, as well as those claims brought against parties who have not moved for dismissal based on qualified immunity." *Davis*, 2019 WL 1924532, at *2. Still, "[c]ourts across the nation often issue a blanket stay of all discovery pending an interlocutory appeal in qualified immunity cases." *Id.* (collecting cases). This is especially true in cases where the allegations against an individual defendant asserting qualified immunity are "inextricably intertwined" with municipal liability claims against a government entity. *See, e.g.*, *Davis*, 2019 WL 1924532, at *2; *Doe v. City of Austin*, No. 1:22-CV-00299-RP, 2022 WL 4234954, at *7 (W.D. Tex. Sept. 14, 2022); *Trent v. Wade*, No. 3:12-CV-01244-P, 2013 WL 12176988, at *3 (N.D. Tex. Oct. 15, 2013).

Here, the Court finds that the claims against KISD and Rounds are inextricably intertwined. Indeed, the claims against both Defendants are essentially identical. *Id.* In light of the close

relationship between the claims against KISD and Rounds, the Court finds that a stay of proceedings is appropriate pending resolution of the qualified immunity issues on appeal. The Motion to Stay Proceedings is therefore granted.

### IV. Conclusion

In conclusion, Defendants' Motion to Certify Appeal (Doc. #37) is hereby DENIED. Defendants' Motion to Stay Proceedings (Doc. #38) is GRANTED. The Court STAYS all deadlines in this case, pending resolution of Rounds' appeal to the Fifth Circuit. Because the Court has stayed the deadlines in this case, Plaintiff's Motion for Partial Summary Judgment (Doc. #35) is DENIED without prejudice to refiling once the stay is lifted.

It is so ORDERED.

__MAY 2 9 2025__
Date

The Honorable Alfred H. Bennett
United States District Judge