IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| STACI BARBER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:24-cv-01004 |
| | § | |
| KATY INDEPENDENT SCHOOL | § | |
| DISTRICT; BRYAN SCOTT ROUNDS, | § | |
| Principal of Cardiff Junior High, sued in his | § | |
| individual and official capacities | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Katy Independent School District ("Katy ISD" or the "District") and Bryan Scott Rounds, in his individual and official capacities, file the following Answer to Plaintiff's Original Complaint. [Dkt. 1].

### I.    PARTIES

1.    Defendants admit that Staci Barber is the named plaintiff.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 1.

2.    Defendants admit that KISD is correctly named as alleged in ¶ 2.

3.    Defendants admit that Bryan Scott Rounds is correctly named as alleged in ¶ 3.

### II.    JURISDICTION AND VENUE

4.    Defendants admit the allegations in ¶ 4.

5.    Defendants admit the jurisdictional statements alleged in ¶ 5.

6.    Defendants admit that this Court has authority to award the requested relief alleged in ¶ 6 but deny that Plaintiff is entitled to such relief.

7.      Defendants admit the jurisdictional statements alleged in ¶ 7.

8.      KISD admits the allegations in ¶ 8.

**III.     FACTUAL ALLEGATIONS**

9.      Defendants admit that Staci Barber is a math teacher at Cardiff Junior High. Defendants admit she has taught at KISD since 2015.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 9.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 10.

11.      Defendants admit that Barber started as a math teacher at KISD in 2015. Defendants admit that at some point in time, Barber asked about starting a religious club at Cardiff. Defendants deny the remaining allegations in ¶ 11, and specifically deny that Katy ISD has a policy or practice against schools having religious clubs.

12.      Defendants admit that Cardiff students filled out club paperwork to start a Fellowship of Christian Athletes at the beginning of the 2023-24 school year, and further admit that said club was approved.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 12.

13.      Defendants admit that Rounds talked to one or more students about forming the FCA club, but deny all remaining allegations in ¶ 13.

14.      Defendants admit that Principal Rounds approved the FCA application.

15.      Defendants admit that other schools in Katy ISD have religious student groups, including FCA clubs, Muslim student groups, and groups associated with other religions.  Defendants deny any remaining allegations in ¶ 15.

16.      Defendants admit that See You at the Pole ("SYATP") is a student-led and student-initiated prayer event that occurs at the flagpole on campus.  Defendants further admit that SYATP

is a nationwide event.  Defendants admit that how schools celebrate SYATP varies from school to school and school district to school district.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 16.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 17.

18.     Defendants deny the allegations in ¶ 18.

19.     Defendants admit that on September 26, 2023, Principal Rounds approved that FCA students could meet to pray at the pole at 8:00 am before the school day began on September 27, 2023. Defendants further admit that Barber sent an email to staff inviting them to pray at the pole at 8:00 am. Defendants deny the remaining allegations in ¶ 19.

20.     Defendants admit that Principal Rounds sent the email to staff set forth in ¶ 20.

21.     Defendants admit that Principal Rounds sent Barber the email set forth in ¶ 21. Defendants deny the remaining allegations in ¶ 21.

22.     Defendants admit that Barber sent Principal Rounds the email set forth in ¶ 22.

23.     Defendants admit that Principal Rounds sent Barber the email set forth in ¶ 23. Defendants deny the remaining allegations in ¶ 23.

24.     Defendants admit the allegations in ¶ 24.

25.     Defendants admit that at approximately 8:10 am, Barber and two other teachers were standing at the flagpole, during the time that the students were scheduled to use that space, and further admit that they appeared to be waiting on others to arrive.  Defendants deny all further allegations in ¶ 25.

26.     Defendants admit that Principal Rounds asked the teachers praying to meet in the conference room, as alleged in ¶ 26.

3

27.     Defendants admit that Principal Rounds told the teachers that they were not allowed to pray with or in the presence of students in the context of SYATP.  Defendants deny that Principal Rounds categorically forbade the teachers from praying in the presence of students.  Defendants deny all further allegations in ¶ 27.

28.     Defendants admit that Principal Rounds told the teachers that they were not allowed to pray with or in the presence of students in the context of SYATP.  Defendants deny that Principal Rounds categorically forbade the teachers from praying in the presence of students.  Defendants deny all further allegations in ¶ 28.

29.     Defendants admit that Principal Rounds told the teachers that they were not allowed to pray in the presence of students in the context of SYATP.  Defendants deny that Principal Rounds categorically forbade the teachers from praying in the presence of students.  Defendants deny all further allegations in ¶ 29.

30.     Defendants admit that Principal Rounds told the teachers that they were not allowed to pray in the presence of students in the context of SYATP.  Defendants deny that Principal Rounds categorically forbade the teachers from praying in the presence of students.  Defendants deny all further allegations in ¶ 30.

31.     Defendants admit that Principal Rounds sent Barber an email asking her to meet him about her absences.  Defendants deny that this was connected to the SYATP event.

32.     Defendants admit that Principal Rounds and Barber communicated about the reasons for her absences.  Defendants admit that Principal Rounds did require Barber to meet with him regarding the absences.  Defendants deny any further allegations in ¶ 32.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 33.

34. Defendants admit that Principal Rounds met with Barber on October 19, 2023 to discuss her absences and illnesses. Defendants deny any further allegations in ¶ 34.

35. Defendants admit the allegations in ¶ 35.

36. Defendants deny the allegations in ¶ 36.

37. Defendants admit that Principal Rounds approved FCA to host a food drive. Defendants deny any further allegations in ¶ 37.

38. Defendants admit Barber's Counsel sent a demand letter to Principal Rounds on November 6, 2023.  Defendants admit that the letter says what it says.

39. Defendants deny that KISD amended its "religious policy."  Defendants admit that as a result of conversations with Barber's attorneys, the District changed some old language in its Employee Handbook, which was not an accurate summary of Katy ISD Board Policy FNAB (Local).  Defendants deny any further allegations in ¶ 39.

40. Defendants deny that KISD amended its policy.  Defendants admit that as a result of conversations with Barber's attorneys, the District changed some old language in its Employee Handbook, which was not an accurate summary of Katy ISD Board Policy FNAB (Local). Defendants deny any further allegations in ¶ 40.

41. Defendants deny that the new handbook language is unconstitutional.  Defendants admit that Barber's Counsel asked for clarification about the new handbook language.  Defendants deny any further allegations in ¶ 41.

42. Defendants deny that Barber is not allowed to engage in Bible student with other teachers on campus before the school day begins, as alleged in ¶ 42.  Defendants deny any further allegations in ¶ 42.

43. Defendants admit that Barber met with a group of teachers to pray weekly before

the school day began around campus.  Defendants deny that Barber is no longer allowed to engage in Bible student with other teachers on campus before the school day begins, as alleged in ¶ 43. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 43.

44.    Defendants admit that Principal Rounds instructed Barber that she is prohibited from praying with students at a student-initiated event like FCA.  Defendants deny the remaining allegations in ¶ 44.

45.    Defendants admit that Barber's Counsel sent emails to Katy ISD.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 45.

46.    Defendants admit that the new handbook language is quoted correctly in ¶ 46, but deny that it is language from the official Board policy.

47.    Defendants admit that Principal Rounds told the teachers that they were not allowed to pray with or in the presence of students in the context of SYATP.  Defendants deny that Principal Rounds categorically forbade the teachers from praying in the presence of students.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 47.

48.    Defendants admit that Principal Rounds told the teachers that they were not allowed to pray with or in the presence of students in the context of SYATP.  Defendants deny that Principal Rounds categorically forbade the teachers from praying in the presence of students.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 48.

49.    Defendants admit that Principal Rounds told the teachers that they were not allowed

to pray with or in the presence of students in the context of SYATP.  Defendants deny that Principal

Rounds categorically forbade the teachers from praying in the presence of students.

## IV.    CAUSES OF ACTION

### COUNT I: Violation of Plaintiff's First Amendment Right to Freedom of Speech

50.    Defendants respond to ¶ 50 by incorporating each response above.

51.    Defendants admit that Barber brings claims against the Defendants as set forth in

¶ 51.

52.    The allegations in ¶ 52 contain legal conclusions that do not require a response.

53.    The allegations in ¶ 53 contain legal conclusions that do not require a response. To

the extent a response is necessary, Defendants deny the allegations in ¶ 53.

54.    The allegations in ¶ 54 contain legal conclusions that do not require a response.

55.    The allegations in ¶ 55 contain legal conclusions that do not require a response.

56.    The allegations in ¶ 56 contain legal conclusions that do not require a response.

57.    The allegations in ¶ 57 contain legal conclusions that do not require a response.

58.    The allegations in ¶ 58 contain legal conclusions that do not require a response.

59.    The allegations in ¶ 59 contain legal conclusions that do not require a response. To

the extent a response is necessary, Defendants deny the allegations in ¶ 59.

### COUNT II: Violation of Plaintiff's First Amendment Right to Free Exercise

60.    Defendants respond to ¶ 60 by incorporating each response above.

61.    Defendants admit that Barber brings claims against the Defendants as set forth in

¶ 61.

62.    The allegations in ¶ 62 contain legal conclusions that do not require a response.

63.    The allegations in ¶ 63 contain legal conclusions that do not require a response. To

the extent a response is necessary, Defendants deny the allegations in ¶ 63.

64.    The allegations in ¶ 64 contain legal conclusions that do not require a response.

65.    The allegations in ¶ 65 contain legal conclusions that do not require a response.

66.    The allegations in ¶ 66 contain legal conclusions that do not require a response. To the extent a response is necessary, Defendants deny the allegations in ¶ 66.

**COUNT III: Violation of Plaintiff's Due Process Rights**

67.    This Court dismissed Barber's Vagueness Claim under the Fourteenth Amendment. [Dkt. No. 34].  Therefore, ¶ 67 does not require a response.

68.    This Court dismissed Barber's Vagueness Claim under the Fourteenth Amendment. [Dkt. No. 34].  Therefore, ¶ 68 does not require a response.

69.    This Court dismissed Barber's Vagueness Claim under the Fourteenth Amendment. [Dkt. No. 34].  Therefore, ¶ 69 does not require a response.

70.    This Court dismissed Barber's Vagueness Claim under the Fourteenth Amendment. [Dkt. No. 34].  Therefore, ¶ 70 does not require a response.

71.    This Court dismissed Barber's Vagueness Claim under the Fourteenth Amendment. [Dkt. No. 34].  Therefore, ¶ 71 does not require a response.

**COUNT IV: Violation of Plaintiff's Fourteenth Amendment Right to Equal Protection of Law**

72.    Defendants respond to ¶ 72 by incorporating each response above.

73.    The allegations in ¶ 73 contain legal conclusions that do not require a response.

74.    The allegations in ¶ 74 contain legal conclusions that do not require a response.

75.    The allegations in ¶ 75 contain legal conclusions that do not require a response. To the extent a response is necessary, Defendants deny the allegations in ¶ 75.

**COUNT V: Violation of Plaintiff's Texas Constitutional Rights to Freedom of Speech**

**and Freedom of Religion.**

76.     Defendants respond to ¶ 76 by incorporating each response above.

77.     The allegations in ¶ 77 contain legal conclusions that do not require a response.

78.     The allegations in ¶ 78 contain legal conclusions that do not require a response.

79.     The allegations in ¶ 79 contain legal conclusions that do not require a response. To the extent a response is necessary, Defendants deny the allegations in ¶ 79.

**COUNT VI: Violation of Plaintiff's Right Under the Texas Religious Freedom Restoration Act.**

80.     Defendants respond to ¶ 80 by incorporating each response above.

81.     The allegations in ¶ 81 contain legal conclusions that do not require a response.

82.     The allegations in ¶ 82 contain legal conclusions that do not require a response.

83.     The allegations in ¶ 83 contain legal conclusions that do not require a response.

84.     The allegations in ¶ 84 contain legal conclusions that do not require a response. To the extent a response is necessary, Defendants deny the allegations in ¶ 84.

## V.     PRAYER FOR RELIEF

85.     Defendants admit that Barber seeks the relief identified in ¶ (A), but deny that they are liable to Barber for any of the relief requested.

86.     Defendants admit that Barber seeks the relief identified in ¶ (B), but deny that they are liable to Barber for any of the relief requested.

87.     Defendants admit that Barber seeks the relief identified in ¶ (C), but deny that they are liable to Barber for any of the relief requested.

88.     Defendants admit that Barber seeks the relief identified in ¶ (D), but deny that they are liable to Barber for any of the relief requested.

89.     Defendants admit that Barber seeks the relief identified in ¶ (E), but deny that they

are liable to Barber for any of the relief requested.

90.     Defendants admit that Barber seeks the relief identified in ¶ (F), but deny that they are liable to Barber for any of the relief requested.

91.     Defendants admit that Barber seeks the relief identified in ¶ (G), but deny that they are liable to Barber for any of the relief requested.

92.     Defendants admit that Barber seeks the relief identified in ¶ (H), but deny that they are liable to Barber for any of the relief requested.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Defendants do not admit that the burden of proving the allegations or denials contained in the defenses is upon them, but, to the contrary, assert that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff.  Moreover, by asserting any defense, Defendants do not admit any liability, but, to the contrary, specifically deny any and all allegations of liability in the Plaintiff's lawsuit.  Without admitting liability as to any of the Plaintiff's causes of action, Defendants assert the following defenses:

1.     Barber has not stated claims upon which relief can be granted.

2.     Barber's claims are barred, in whole or in part, because Principal Rounds is entitled to qualified immunity.

10

## PRAYER FOR RELIEF

Defendants Katy Independent School District and Bryan Scott Rounds respectfully request that Plaintiff take nothing on her claims.  Defendants also request all such other and further relief, both at law and in equity, to  which they may show themselves to be entitled.

Respectfully submitted,

THOMPSON & HORTON LLP

By:    /s/ Alexa Gould
     Christopher B. Gilbert
     Texas Bar No. 00787535
     cgilbert@thompsonhorton.com
     Alexa Gould
     Texas Bar No. 24109940
     agould@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6714
Facsimile: (713) 583-8884

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on April 30, 2026, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

By:    /s/ Alexa Gould
     Christopher B. Gilbert

11